205 N.J. Super. 438 (1985)
501 A.2d 187
MARILYN S. WRABLE, R.N.M.S., C.S., PLAINTIFF, THE NEW JERSEY STATE NURSES ASSOCIATION AND THE SOCIETY OF CERTIFIED CLINICAL SPECIALISTS IN PSYCHIATRIC NURSING, PLAINTIFFS-INTERVENORS,
v.
COMMUNITY MEMORIAL HOSPITAL, BOARD OF TRUSTEES OF COMMUNITY MEMORIAL HOSPITAL AND MEDICAL-DENTAL STAFF OF COMMUNITY MEMORIAL HOSPITAL DEFENDANTS.
Superior Court of New Jersey, Law Division Ocean County.
Decided July 12, 1985.
*439 Roger J. McLaughlin, for plaintiff.
Richard A. Grossman, for defendants.
Evan W. Jahos, for plaintiffs-intervenors.
WILEY, J.S.C.
Plaintiff, a psychiatric nurse, instituted this perogative writ action in lieu of mandamus seeking an order compelling the *440 defendant, Community Memorial Hospital ("CMH"), to consider her application for membership on its adjunct medical-dental staff. In the alternative, plaintiff seeks an order compelling CMH to amend its by-laws to provide eligibility for adjunct medical-dental staff membership to certified clinical specialists in psychiatric nursing. Plaintiff also seeks compensatory and punitive damages based on an alleged wrongful denial to the adjunct medical-dental staff and for violations of the New Jersey Anti-Trust Act. The pre-trial order provides and the parties have agreed that plaintiff's claims for damages will await a determination of her legal rights.
The New Jersey State Nurses Association and the Society of Certified Clinical Specialists in Psychiatric Nursing were granted leave to intervene and have done so.
Plaintiff is a licensed professional nurse in the State of New Jersey, having fulfilled the requirements set forth in N.J.S.A. 45:11-23 et seq. She holds a master's degree in psychiatric mental health nursing from Rutgers University and is certified as a clinical specialist in psychiatric nursing by the American Nursing Association and the Society of Certified Clinical Specialists in Psychiatric Nursing of the New Jersey State Nurses Association. The latter two associations are private organizations in the sense that they are not statutorily created and their certification is not necessary to practice as a professional nurse in New Jersey. Plaintiff is one of 56 certified clinical specialists in psychiatric nursing among 90,000 registered professional nurses statewide. There is no state licensing procedure for psychiatric nursing.
Plaintiff maintains an office on Hospital Drive in Toms River on the same street the defendant hospital is located, and there she engages in the private practice of psychiatric nursing. Plaintiff uses psychotherapy to treat those who come to her with emotional and psychological disturbances.
The defendant hospital is a non-profit charitable corporation of the state of New Jersey, which serves the greater Toms *441 River area. It does not have a psychiatric department or unit nor does it have doctors of psychiatry on its medical staff, other than on a consulting basis. It is not designed, nor equipped, to handle patients requiring psychiatric care.
The by-laws of the defendant hospital provide that membership on the medical-dental staff is limited to doctors of medicine, dentistry and osteopathy who are duly licensed by the State of New Jersey. Membership on the adjunct medical-dental staff is restricted to those qualified to practice podiatry in accordance with N.J.S.A. 45:5-1 et seq. Plaintiff does not possess the necessary qualifications according to the defendant's by-laws to be admitted to the adjunct medical-dental staff.
On two occasions in 1983 plaintiff's clients were admitted to the defendant hospital for medical treatment. Pursuant to these admissions plaintiff requested application forms from CMH for membership to the adjunct medical-dental staff in order that she might treat her clients while they are in the hospital. The request for the forms was duly considered by the president of CMH, Mr. James P. Schuessler, who initially denied it since the by-laws of the hospital did not provide for membership on the adjunct medical-dental staff to certified clinical specialists in psychiatric nursing. Thereafter, on November 7, 1983 the executive committee of the medical-dental staff, at its regular meeting, appointed a committee to study the request made by plaintiff for the privileges she seeks. This committee was to report back to the executive committee in 60 days. Plaintiff's attorney was kept advised of the actions of the hospital. Prior to the expiration of the 60-day period, plaintiff instituted suit and action on the matter was stayed by the defendant hospital pending this Court's decision.
Plaintiff argues that the defendants have a legal obligation to serve the public interest and may not arbitrarily restrict health care professionals from the adjunct medical-dental staff as they have done in this case. Defendants, on the other hand, contend that the Court should not substitute its own judgment for that *442 of the hospital in matters of staff privileges and especially where there is no authority supporting any entitlement to such privileges. For the reasons hereinafter stated the Court is inclined to agree with the position of the defendants in light of the facts of this particular case.
Although the precise question in this case, whether a psychiatric nurse is entitled to staff privileges, is one of first impression in New Jersey, there are an increasing number of cases that involve a physician's right to staff privileges at a hospital. These cases indicate that the primary purpose of a hospital, whether private or public, is to serve the community in which it exists. Belmar v. Cipolla, 96 N.J. 199, 208 (1984), citing Garrow v. Elizabeth General Hospital and Dispensary, 79 N.J. 549, 557 (1979). Moreover, the actions of those entrusted with the management and governance of a hospital must be reasonable under the circumstances and not arbitrary. Belmar, supra 96 N.J. at 208; Greisman v. Newcomb Hospital, 40 N.J. 389, 403-04 (1963).
Normally, the actions of hospital administrators will be left undisturbed, and courts are reluctant to intervene with reasonable management decisions. Broad judicial support is given to those actions that enhance standards of medical care and the public welfare. Doe v. Bridgeton Hospital Association, Inc., 71 N.J. 478, 489 (1976). The court's proper focus should be "on the reasonableness of the action taken in relation to the several interests of the public, the applicant and the hospital. The proper standard [of review] is not identical with that customarily applied to administrative agencies, that is, substantial competent credible evidence." Garrow v. Elizabeth General Hospital and Dispensary, 79 N.J. 549 (1979).
The recent decision of Berman v. Valley Hospital, 196 N.J. Super. 359 (App.Div. 1984), which involved a hospital resolution restricting admission of physicians to the active staff, followed the Garrow decision and reversed the trial court for not following the proper standard of review. There, the court *443 stated that the managerial action of a hospital must be reasonably related to furthering the health care mission of the hospital and not an arbitrary decision. Id. at 370. Further, Berman indicated that the burden of proof for the plaintiff is "heavy" and the trial court is obligated to uphold the managerial action of the hospital if the record contained sufficient reliable evidence, even though of a hearsay nature, to justify the action as a reasonable management decision. Berman, supra at 369.
In the present case there is ample evidence to support a finding that the decision reached by the defendant hospital was reasonable under the circumstances. The testimony revealed that the managerial infrastructure of CMH is divided into departments which supervise the actions of those contained within their department and control the admission of new members into each department. At CMH, there is no psychiatric department, only consulting psychiatrists who are utilized for those patients admitted for medical reasons. The hospital is not designed nor equipped to handle patients requiring psychiatric care. It has no established standards to evaluate the credentials of psychiatric nurses nor any supervisory board or department to monitor the decisions made by one practicing psychiatric nursing at CMH. The defendant hospital is presently unable to provide assurance to the public that any psychiatric nursing which might be practiced at CMH would be by those not only competent to do so, but also under the review of a department comprised of psychiatrists and/or other psychiatric nurses. CMH is no more equipped to allow psychiatric nursing than it is to allow other medical practices for which it is not equipped.
A hospital has a right and a duty not only to review the qualifications of the members of its staff, but also to consider the need for and impact of new and previously unadmitted persons to the hospital staff and how their admission to the staff would affect patient care. See Belmar v. Cipolla, 96 N.J. 199, 208 (1984). Since the hospital is unable to review effectively *444 plaintiff's credentials and supervise her activities, it would therefore not be in the best interest of patient treatment and care to allow plaintiff, at this time, to become a member of the adjunct medical-dental staff.
Merely because a professional may be able to provide medical aid or psychological comfort to a patient in a hospital does not justify a finding that that individual is entitled to adjunct medical-dental staff privileges. The testimony revealed that there are more than 200 health care professions in the State of New Jersey. In any given case a physical therapist, nutritionist, chiropractor or other professional health care specialist may give aid and comfort to their patients while in the hospital, but this would not justify making them members of the adjunct medical-dental staff. A hospital is entitled to reasonably restrict eligibility for such privileges in order to insure that its patients receive the best care possible on a consistent basis.
In the instant case there is minimal harm to the plaintiff and her clients as a result of the hospital's decision. The restrictions placed on plaintiff's practice are not absolute. CMH has not prevented plaintiff from seeing her clients during regular visiting hours nor from talking with them on the telephone at any time. Plaintiff maintains an active psychiatric nursing practice and does not depend upon the hospital setting to perform her discipline. Moreover, plaintiff's overall care and treatment of her clients is infrequently interrupted by a hospital stay. This is especially true since normally a psychiatric nurse would see his or her client once a week or less and as soon as a client is released from the hospital treatment may resume. In any event, plaintiff can treat her clients while they are in the hospital on her own individual basis, unrelated to the hospital, during regular visiting hours.
There is sufficient reliable evidence to support the position of the hospital that plaintiff did not qualify for an application to the adjunct medical-dental staff of the defendant hospital. The *445 actions of the hospital were neither unreasonable nor arbitrary but are based on sound standards and within the furtherance of the common good.
All other remaining claims of plaintiff are dismissed for failure to state a cause of action. Defendant's attorney should prepare an order consistent with this opinion.