213 N.J. Super. 347 (1986)
517 A.2d 470
MARILYN S. WRABLE, R.N., M.S., C.S., PLAINTIFF-APPELLANT, AND THE NEW JERSEY STATE NURSES ASSOCIATION AND THE SOCIETY OF CERTIFIED CLINICAL SPECIALISTS IN PSYCHIATRIC NURSING, PLAINTIFFS-INTERVENORS,
v.
COMMUNITY MEMORIAL HOSPITAL, BOARD OF TRUSTEES OF COMMUNITY MEMORIAL HOSPITAL AND MEDICAL-DENTAL STAFF OF COMMUNITY MEMORIAL HOSPITAL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 1986.
Decided October 22, 1986.
*348 Before Judges KING, DEIGHAN and MUIR.
Roger J. McLaughlin argued the cause for appellant (Mangini, Gilroy, Cramer & McLaughlin, attorneys; Roger J. McLaughlin, of counsel; Roger J. McLaughlin and Robert W. Ross, Jr., on the brief and reply brief).
Steven Nemeth argued the cause for respondents (Grossman & Kruttschnitt, attorneys; Richard A. Grossman, of counsel; Richard A. Grossman and Nadine R. Ross, on the brief).
Evan William Jahos argued the cause for intervenors (Wood, Jahos, Broege & Wight, attorneys; Evan William Jahos, of counsel; Evan William Jahos and Paul J. Urbania, on the brief).
PER CURIAM.
The judgment of the Law Division, 205 N.J. Super. 438, is affirmed for the reasons given in the opinion of Judge Wiley.
Additionally, we have reviewed two cases recently decided by the Supreme Court concerning the denial of medical staff privileges, Desai v. St. Barnabas Medical Center, 103 N.J. 79 *349 (1986) and Berman v. Valley Hosp., 103 N.J. 100 (1986). In Desai, the Supreme Court held that defendant-hospital's closed-staff policy of granting preferences to physicians associating themselves in private practice with physicians already on the staff arbitrarily discriminated against qualified applicants. The court applied a two-prong test to determine the validity of a hospital decision for admission of qualified personnel to its staff: (1) the decision must be reached in the normal and regular course of conducting the affairs of the hospital, and (2) it must be based on adequate information. Desai 103 N.J. at 93. "[A] policy that systematically excludes the patients of one doctor or one class of doctor," id. at 95, "[w]ith no public-health palliative advanced to blunt its invidious effect" is discriminatory. Id. at 96.
In Berman it was held that a policy denying medical staff privileges to doctors who practiced medicine in the hospital's service area for more than two years was arbitrary and unenforceable. In reaching this conclusion the court noted that: (1) defendant did not demonstrate that the two-year limitation [was] essential to the effectiveness of a restrictive staff-admissions policy, Berman 103 N.J. at 111; (2) the staff-admissions policy's exclusion of doctors in practice more than two years [failed] to advance reasonably its stated health-care objectives, id. at 112; (3) the two year practice limitation [appeared] too vague and attentuated in relation to its professed health-care objective involving high-quality medical education, id. at 113, and (4) defendant did not demonstrate that the policy sufficiently related to the hospital's professed health-care objective of securing staff physicians who are both highly-educated and also have few patients. Ibid.
In the present case Judge Wiley at 205 N.J. Super. 443, made the following findings in support of his determination that the denial of plaintiff's membership on its adjunct medical-dental staff was reasonable:

*350 [1] At CMH [Community Memorial Hospital], there is no psychiatric department, only consulting psychiatrists who are utilized for those patients admitted for medical reasons. [2] The hospital is not designed nor equipped to handle patients requiring psychiatric care. [3] It has no established standards to evaluate the credentials of psychiatric nurses nor any supervisory board or department to monitor the decisions made by one practicing psychiatric nursing at CMH. (4) The defendant hospital is presently unable to provide assurance to the public that any psychiatric nursing which might be practiced at CMH would be by those not only competent to do so, but also under the review of a department comprised of psychiatrists and/or, other psychiatric nurses. [5] CMH is no more equipped to allow psychiatric nursing than it is to allow other medical practices for which it is not equipped.
There is adequate, substantial and credible evidence in the record as a whole to support his findings. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974).
Unlike Desai and Berman, here defendant hospital is not equipped to handle plaintiff's practice as a certified clinical specialist in psychiatric nursing because it has no psychiatric department; in both Desai and Berman the hospitals had facilities which would have accommodated plaintiffs active participation on their staffs.
Moreover, there were no discriminatory qualification requirements of Community Memorial Hospital as in Berman and the two-prong test established in Desai was met. There were no irregularities in the administrative process in denying plaintiff adjunct staff privileges and the determination was reached "in the normal and regular course of conducting the affairs of the hospital." Berman 103 N.J. at 108. Since defendant hospital was not equipped to accommodate medical adjuncts in the field of psychiatric medicine, the trial judge properly exercised his discretion in refusing to require the hospital to extend its facilities and implement its staff to accommodate plaintiff. Further, in contrast with Desai and Berman, the trial judge found that "plaintiff can treat her clients while they are in the hospital on her own individual basis, unrelated to the hospital, during regular visiting hours." 205 N.J. Super. at 444.
Affirmed.